UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AARON HARDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:06-CV-114 TS |
| | ) |
| ALLEN COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Aaron Harding, a *pro se* prisoner, submitted a Complaint under 42 U.S.C. § 1983 purporting to be a class action. Class action status was denied and he was permitted the opportunity to file an amended complaint specifically identifying what has happened to him personally. The deadline for that has now passed. Therefore, the Court will review the merits of the filed Complaint.

**A.   Standard of Review**

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has

> deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

**B.**     **Eighth Amendment Claims**

The Complaint alleges that there are only two showers for forty-four inmates in C-Block and that the showers are cleaned once every two or three weeks. It alleges that cleaning equipment is not made available daily, and that the blankets are not washed every week. It alleges that, as a result, inmates have colds and athlete's foot.

Although the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and although the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate

2

food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108–09 (7th Cir. 1971).

Sharing a dirty shower with twenty-two other inmates is more appropriately characterized as inconvenient or uncomfortable than as a deprivation of the minimal civilized measure of life's necessities. Likewise, colds and athlete's foot are undoubtedly inconvenient and uncomfortable, but both are common among non-incarcerated citizens and do not constitute a serious medical need. Though weekly washing of sheets may be common in many homes, blankets are usually washed much less frequently. None of these conditions constitute a denial of the minimal civilized measure of life's necessities.

## C.    Miscellaneous Federal Claims

The Complaint alleges that the jail does not have a posted emergency evacuation plan and that the jail is not inspected for insects and rodents each week. It does not allege, nor would it be reasonable to infer, that he has been injured as a result. Fear of an injury that has not occurred does not state a claim for damages. *See Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997). "Because he cannot show injury, he cannot make out a claim of deliberate indifference relating to his treatment . . . ." *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000).

The Complaint alleges that the law library and legal materials are not accessible, but there is no "abstract, freestanding right to a law library . . . [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[A] plaintiff must demonstrate

3

that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). The Complaint does not allege and, it would not be reasonable to infer, that he suffered any actual injury.

The Complaint alleges that the grievance system at the Jail does not work. The Constitution does not require that a jail provide a formal grievance procedure nor that government employees respond to grievances. *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003) ("[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance."). *See also* 42 U.S.C. § 1997e(b).

### D.     State Law Claims

The Complaint also alleges numerous violations of state laws, regulations, and codes. Because the Court has dismissed all of his federal law claims, it declines to exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(c)(3). Therefore, they will be dismissed without prejudice so that they may be pursued in state court.

### E.     Order

For the forgoing reasons, the Court:

(1) DISMISSES WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1367(c)(3) and 28 U.S.C. § 1915A, all of the claims alleging violations of state laws, regulations, and codes; and

(2) DISMISSES WITH PREJUDICE, pursuant to 28 U.S.C. § 1915A, all of the other claims in the Complaint.

SO ORDERED on May 25, 2006.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT